UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOANN BOOKER,

                *Plaintiff,*

– against –

DEPARTMENT OF SOCIAL SERVICES;
LONGBEACH POLICE DEPARTMENT,

                *Defendants.*

**MEMORANDUM & ORDER**
23-CV-04888 (NCM) (ARL)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Joann Booker filed this action against the Department of Social Services and the Longbeach Police Department on June 29, 2023. Compl., ECF No. 1. The Court granted plaintiff's application to proceed *in forma pauperis* ("IFP") and has twice denied plaintiff's motions to appoint counsel.[1] Plaintiff moves again to appoint counsel to represent her in this action. Mot. Appoint Counsel, ECF No. 32 (the "Motion"). For the reasons stated below, the Court DENIES the Motion.

## BACKGROUND

Plaintiff amended her complaint in August and October 2023. ECF Nos. 6, 7. Thereafter, the Court issued an order construing plaintiff's claims against defendants[2] as arising under 42 U.S.C. § 1983, thereby providing this Court with subject-matter jurisdiction over those claims. *See* ECF Order dated Sept. 26, 2023; 28 U.S.C. § 1331.

---

[1]     *See* ECF Order dated July 11, 2023 (granting Appl. Proceed IFP, ECF No. 2); ECF Order dated July 14, 2023 (denying Mot. Appoint Counsel, ECF No. 4); ECF Order dated Sep. 26, 2023 (denying Mot. Appoint Counsel, ECF No. 7).

[2]     Plaintiff's initial complaint listed additional defendants. After twice granting leave to file an amended complaint, the Court dismissed the claims against those defendants from this action. *See* ECF Order dated Sept. 26, 2023; ECF Order dated Nov. 22, 2023.

1

Plaintiff's allegations against defendant Longbeach Police Department include that its officers "intentionally [] put force" on plaintiff by "kneeling on" her while she was "yelling 'I cannot breathe.'" Am. Compl., ECF No. 6 at 8. Plaintiff further alleges that the Longbeach Police Department "lied" and was "not aware of [plaintiff's] heart problems" when officers placed her in a "psych ward." Am. Compl. at 8. Defendant Longbeach Police Department answered plaintiff's complaint on February 9, 2024. Answer, ECF No. 24.

As to defendant Department of Social Services, plaintiff alleges that "CPS and [the] foster care division" opened an "unfounded" investigation before her child was born. Am. Compl. at 8. Plaintiff further claims that allegations made after her child's birth regarding her competency as a mother are false. Am. Compl. at 9. Defendant Department of Social Services moved to dismiss plaintiff's complaint, *see* ECF No. 31, and plaintiff's opposition to that motion is due on or before June 5, 2024, *see* ECF Order dated April 2, 2024.

## LEGAL STANDARD

"[I]t is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). However, the Court "may request an attorney to represent any person unable to afford counsel" in a civil case. 28 U.S.C.A. § 1915. The United States Supreme Court has clarified that this statute "allow[s] courts to ask but not compel lawyers to represent indigent litigants." *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989).

In determining whether to request *pro bono* counsel for a party that cannot afford to pay an attorney, the Court must consider the specific facts of the case. First, the Court must determine the strength of the party's claims. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (explaining that the "threshold requirement" is to determine whether

the party's position "seems likely to be of substance"). "Even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the [*pro se* party's] claim are thin and [her] chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). In addition, a party requesting counsel "must show that she is unable to obtain counsel before appointment will even be considered." *Just. v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) (internal quotation marks and citations omitted).

Second, if a party meets these threshold requirements, the Court then considers (1) the party's "ability to investigate the crucial facts"; (2) whether the Court or a jury will be required to consider "conflicting evidence implicating the need for cross-examination" as the "major proof" in the case; (3) the party's "ability to present the case"; (4) "the complexity of the legal issues"; and (5) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61–62 (the "*Hodge* Factors").

## DISCUSSION

As explained above, the Court cannot require an attorney to represent Ms. Booker in this case but may request *pro bono* counsel to represent her if certain circumstances are present. At the outset, the Court acknowledges plaintiff's assertion that her attempts to retain counsel have been unsuccessful. Mot. at 1. However, the Court will not request *pro bono* counsel to represent plaintiff at this time because she has not met the threshold requirement to demonstrate that her claims "seem[] likely to be of substance." *See Hodge*, 802 F.2d at 61. Although the complaint includes allegations referring to police conduct and child welfare investigations, plaintiff's submissions thus far in the case have not provided factual support for those allegations. The Court's finding is based only on the

3

current record and does not assess the merits of plaintiff's case or whether she has adequately pled her claims.³

Even if plaintiff could meet the threshold requirement, the *Hodge* Factors weigh against granting the Motion. Plaintiff has actively participated in this litigation without the assistance of counsel, including by filing a "Notice of Evidence Packet," ECF No. 5, and attempting to serve a subpoena, *see* Motion to Quash, ECF No. 33. There is no indication thus far that plaintiff's case will require a large volume of evidence, witness examinations, or complex legal issues. *See Kuhnapfel*, 982 F. Supp. 2d at 236. Ultimately, plaintiff has not demonstrated that requesting *pro bono* counsel to represent her at this stage of the case would likely lead to a more just outcome.

## CONCLUSION

For the reasons set forth above, the Court DENIES plaintiff's Motion to Appoint Counsel without prejudice to renew her request at a later date. The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

                */s/ Natasha C. Merle*
                NATASHA C. MERLE
                United States District Judge

Dated:  May 6, 2024
      Brooklyn, New York

---

³ The Court reserves judgment on Defendant Department of Social Services' pending Motion to Dismiss, ECF No. 31.