UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOANN BOOKER,

      *Plaintiff,*

– against –

DEPT OF SOCIAL SERVICES; LONGBEACH POLICE DEPT,

      *Defendants.*

**MEMORANDUM & ORDER**
23-cv-04888 (NCM) (ARL)

---

**NATASHA C. MERLE**, United States District Judge:

  Before the Court is defendant Department of Social Services' Motion to Dismiss, ECF No. 31 (the "Motion").[1] Plaintiff Joann Booker brings this action against defendants Department of Social Services and the Longbeach Police Department[2] for alleged violations of her constitutional rights. For the reasons stated herein, the Motion is **GRANTED** without prejudice. The Court grants plaintiff leave to amend her complaint as to defendant Department of Social Services within thirty (30) days of this Order.

### BACKGROUND

  Plaintiff's operative complaint names, among others, defendant Department of Social Services for Nassau County, New York ("DSS"). ECF Nos. 6, 14 (together, the

---

[1]  Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]  On February 9, 2024, defendant Longbeach Police Department filed an answer to plaintiff's amended complaint. Longbeach Police Dep't Answer, ECF No. 24. Plaintiff's claims against defendants Jasmine Delerosa, Family Court, Omega Construction Management LLC, Jasons Laundry mat, and Nassau County Family Court were dismissed for lack of subject matter jurisdiction after the Court twice granted plaintiff leave to amend her complaint. *See* ECF Orders dated Sept. 26 and Nov. 22, 2023.

1

"amended complaint").³ As to DSS, plaintiff alleges that "CPS," which the Court construes to mean Nassau County's Child Protective Services, "was called apparently" before and after a child, presumably plaintiff's, was born. Am. Compl. 8–9, ECF No. 6 ("AC"). Plaintiff further alleges that the allegations made to CPS were "not proven," the "case was unfounded," and CPS "has provided no real evidence" as to plaintiff's competence to care for her children. AC at 9. Plaintiff also alleges that her children "are not being cared for properly as well as have been injured in care." AC at 9.

On April 23, DSS moved to dismiss plaintiff's amended complaint. After plaintiff failed to oppose the Motion, the Court *sua sponte* extended the deadline for plaintiff to file her opposition and warned plaintiff that if she did not file an opposition by that date, the motion would be deemed fully briefed. *See* ECF Orders dated April 4 and June 21, 2024. Despite filing other submissions unrelated to defendant DSS or its Motion, plaintiff did not file an opposition to the Motion. Accordingly, the Court deemed the Motion fully briefed on July 31. ECF Order dated July 31, 2024.

## LEGAL STANDARD

Although plaintiff has not opposed the Motion, "the lack of opposition does not, without more, justify dismissal." *James v. John Jay Coll. of Crim. Just.*, 776 F. App'x 723, 724 (2d Cir. 2019).⁴ Instead, the Court must determine the adequacy of plaintiff's complaint "as a matter of law" based on "its own reading of the pleading and knowledge of the law." *Id.* (citing *Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010)); *see*

---

³ By ECF order dated November 22, 2023, the Court explained that it would construe plaintiff's letter filed at ECF No. 14 as a second amended complaint "supplementing rather than supplanting" plaintiff's first amended complaint, ECF No. 6.

⁴ Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*also Plastic Surgery Group, P.C. v. United Healthcare Ins. Co. of New York, Inc.*, 64 F. Supp. 3d 459, 468–469 (E.D.N.Y. 2014) (Rule 12 motions "probe the legal, not the factual, sufficiency of a complaint."). When deciding a motion to dismiss, the Court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff pleads a plausible claim if she alleges facts that allow the Court to reasonably infer that the defendant is legally accountable for the actions described in the complaint. *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011). Only where "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief" should the Court dismiss a complaint. *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). The Court will not accept conclusory statements, *Iqbal*, 556 U.S. at 678, but it will hold a *pro se* plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

## DISCUSSION

DSS contends that plaintiff has not alleged enough factual information to enable it to understand the type of claim plaintiff brings or relief she seeks. Because plaintiff did not submit an opposition to the Motion, the Court must assess whether the amended

3

complaint, construed liberally as plaintiff is *pro se*, could support a claim for relief against DSS. For the reasons stated below, the Court finds that it could not.

I.   Threshold Requirements

Plaintiff named the Department of Social Services for Nassau County as a defendant in this action. However, "a department of a municipality" such as DSS "lacks its own legal identity" and cannot be sued separate from the municipality. *Michael N. v. Montgomery Cnty. Dep't of Soc. Servs.*, 185 N.Y.S.3d 493, 513 (N.Y. Sup. Ct. 2022). Nonetheless, the Court will construe plaintiff's claim against DSS as a claim against Nassau County (the "County") for purposes of this Order.

Section 1983 provides an avenue through which plaintiffs may seek relief for alleged violations of their constitutional rights by state and municipal governments. *See* 42 U.S.C. § 1983 ("Section 1983"); *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 158 (2d Cir. 2005) (Section 1983 "authorizes actions to enforce the rights of individuals under federal statutes as well as under the Constitution."). In New York, plaintiffs must bring a Section 1983 claim within three years of "when the plaintiff knows or has reason to know of" the injuries for which she seeks relief. *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 674 (2d Cir. 2009) (summary order). However, plaintiff's amended complaint provides no dates associated with her allegations against DSS. Nor does plaintiff provide any indication as to how long ago the alleged conduct occurred, for example by indicating the ages of her children now and at the time of the allegations. The Court therefore cannot determine whether plaintiff's claims are timely at this stage. However, the Court will assume that plaintiff's claims are timely for the purpose of this Order and proceed to a merits analysis.

When a plaintiff brings a Section 1983 claim against a municipality, such as the County, she must allege three elements: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020). This kind of claim—alleging that a local government's policy or custom inflicted constitutional harm on a plaintiff—is called a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The Court construes plaintiff's claims against the County as *Monell* claims. However, for the reasons stated below, plaintiff has failed to sufficiently plead those claims.

II.   *Monell*: Policy or Custom

Plaintiff has not alleged facts sufficient to support the first element of a *Monell* claim: the County had a "policy or custom" that led to the deprivation of her constitutional rights. *See Newton v. City of New York*, 779 F.3d 140, 152 (2d Cir. 2015); *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (at the pleading stage, plaintiffs "must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). In general, plaintiffs can demonstrate a municipal policy or custom through allegations regarding "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *20 Dogwood LLC v. Vill. of Roslyn Harbor*, No. 22-cv-04047, 2023 WL 3571239, at *7 (E.D.N.Y. May 19, 2023) (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011)), *aff'd*, No. 23-cv-00930, 2024 WL 1597642 (2d Cir. Apr. 12, 2024); *see also Deferio v. City of Syracuse*, 770 F. App'x 587, 590 (2d Cir. 2019) (summary order) (noting a fourth avenue for establishing municipal liability: failure to train employees). In other words, to state a *Monell* claim here, plaintiff would

5

need to allege facts suggesting a widespread practice by County employees, a failure to train County employees, or actions taken by County lawmakers or policymaking officials.

Here, plaintiff alleges that CPS engaged in an "unfounded" case with "no real evidence" against her regarding the custody of her children. *See* AC at 8–9. However, plaintiff's amended complaint includes no allegations as to any decision or action by County officials or employees. For example, plaintiff does not indicate that CPS has pursued other unsupported child custody cases. *See Walston v. City of New York*, No. 22-cv-10002, 2024 WL 1376905, at *19 (S.D.N.Y. Mar. 7, 2024), *report and recommendation adopted*, 2024 WL 1374837 (S.D.N.Y. Apr. 1, 2024) (finding description of hospital policy to detain children after any report of abuse or neglect, whether or not the report was supported, sufficient to state a policy or custom for a Section 1983 claim). Nor does plaintiff allege, for example, that CPS employees are inadequately trained such that they pursue unfounded cases against parents. *See Nicholson v. Scoppetta*, 344 F.3d 154, 165–167 (2d Cir. 2003) (affirming district court's finding that child services agency had policy or custom, including based on failure to train employees, regarding neglect cases against victims of domestic violence). Without any facts to suggest that CPS has a repeated practice of pursuing groundless allegations, plaintiff's amended complaint does not support a *Monell* claim.

Plaintiff also alleges that her children "are not being cared for properly" and "have been injured in care." AC at 9. However, the amended complaint includes no factual information regarding her children's improper care or injuries. For example, plaintiff does not indicate any sort of pattern at CPS or DSS regarding the level of care provided to children in foster care. *See S.M. by next friend King v. City of New York*, No. 20-cv-05164, 2021 WL 3173456, at *4 (S.D.N.Y. July 26, 2021) (finding allegations that child services

6

agency placed "children in facilities ill-suited to their needs" sufficient to plead custom or policy for *Monell* claim). Accordingly, plaintiff's allegations are insufficient to support a reasonable inference, even "circumstantially," of a policy or custom necessary to state a *Monell* claim against the County. *See Triano*, 895 F. Supp. 2d at 535.

    III.    <u>*Monell*: Constitutional Rights</u>

Even if plaintiff's amended complaint could support a County policy or custom, she has not sufficiently alleged facts to support the third requirement for a *Monell* claim: the deprivation of a constitutional right. Construing the amended complaint in the most favorable light, plaintiff's allegations could be understood to implicate substantive and procedural due process. "The touchstone of due process is protection of the individual against arbitrary action of government." *Sutton v. Tompkins Cnty.*, 617 F. Supp. 2d 84, 92 (N.D.N.Y. 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). However, for the reasons stated below, plaintiff has not sufficiently alleged a violation of constitutional due process.

    A.  *Procedural Due Process*

Plaintiff has a "constitutionally protected liberty interest in the care, custody and management of [her] children." *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012). Absent an emergency, the Fourteenth Amendment to the United States Constitution requires that parents and their children are afforded "judicial process" before any removal from parental custody. *Id.* Here, plaintiff alleges that there was "no real evidence" and that the CPS case was "unfounded." AC at 8–9. While these allegations may point to a due process concern, they are conclusory and therefore insufficient to indicate that plaintiff was not afforded constitutionally proper process. For example, plaintiff provides no facts as to the circumstances of the CPS case, including whether it

came before a judicial body or the nature of the agency's purported reasoning for any potential removal. Moreover, although the amended complaint indicates that plaintiff's children were "in care" at some point, plaintiff does not indicate whether and for how long her children were removed from her custody. *See* AC at 9. Accordingly, plaintiff has failed to sufficiently allege that her procedural due process rights have been violated.[5]

    B.  *Substantive Due Process*

The Court liberally construes plaintiff's amended complaint to attempt to state substantive due process claims on behalf of plaintiff and her children. The Court will take each in turn.

First, plaintiff has a substantive due process right to care for her children. "[W]hile a *procedural* due process claim challenges the procedure by which a removal is effected, a *substantive* due process claim challenges the fact of the removal itself." *Southerland*, 680 F.3d at 142 (emphases added). To prevail on this type of due process claim, a plaintiff must show that the government's actions were "so shocking, arbitrary, and egregious" that, even if she was afforded "full procedural protection," the action was unconstitutional. *Id.* at 152. However, because of "the compelling governmental interest in the protection of minor children," investigations do not violate a parent's constitutional

---

[5] The Fourth Amendment also protects against unconstitutional removal from parental custody. *Southerland*, 680 F.3d at 143 ("When a child is taken into state custody, his or her person is 'seized' for Fourth Amendment purposes. The child may therefore assert a claim . . . that the seizure . . . was 'unreasonable.'"). That type of claim "belongs only to the child, not to the parent, although a parent has standing to assert it on the child's behalf." *Id.* Even construing plaintiff's amended complaint as asserting this type of claim on behalf of her children, any Fourth Amendment child-seizure claim fails for the same reasons the procedural due process claim fails: plaintiff does not allege facts sufficient to establish that the removal, if any, was unreasonable, including the circumstances of any such removal.

8

right so long as "case workers have a reasonable basis for their findings of abuse." *Id.* Nor will a "brief" removal violate a parent's due process pending judicial process. *Id.* at 153.

As to plaintiff's parental rights, she alleges that "CPS and foster care has provided no real evidence that I am an incompetent mother or have any mental problems[.]" AC at 9. While the Court may be able to infer from these allegations that the County removed or considered removing plaintiff's children from her custody based on concerns about her mental health or ability to care for her children, plaintiff provides no facts to support that such a basis for removal was "so shocking, arbitrary, and egregious" so as to violate her substantive due process rights. *See Southerland*, 680 F.3d at 152. Indeed, plaintiff provides *no* facts related to the timing, circumstances, or length of any removal. Accordingly, plaintiff has failed to sufficiently allege that her substantive due process rights have been violated.

Second, plaintiff's amended complaint may be construed as asserting a substantive due process claim on behalf of her children. "Foster care and social services agencies may be held liable for violations of substantive due process rights based on their failure to prevent the abuse or neglect of children in their care." *Smith v. Tkach*, 844 F. App'x 414, 416 (2d Cir. 2021) (summary order). To assert such a claim, plaintiff must allege that the County "was deliberately indifferent to the abuse" and its failures "were a substantial factor in allowing abuse to occur." *Id.* For example, a plaintiff may allege a "pattern" of injuries that a social services agency failed to address. *Id.* at 416–17.

As to her children's substantive due process rights, plaintiff alleges that her children "are not being cared for properly" and have "been injured in care." AC at 8–9. These allegations are conclusory. Plaintiff does not provide any information as to the nature of her children's injuries or lack of care from which the Court may be able to

9

consider whether the County's actions were "shocking, arbitrary, and egregious." *See Southerland*, 680 F.3d at 152; *S.M. by next friend King*, 2021 WL 3173456, at *5 (finding allegations of child's physical, mental, and emotional trauma sufficient to plead a substantive due process claim). Accordingly, plaintiff has failed to sufficiently allege that her children's substantive due process rights have been violated.

    IV.    <u>*Monell*: Causation</u>

Although plaintiff's allegations cannot support the first or third requirements for a *Monell* claim, which provide independent bases for dismissing the amended complaint, the Court notes for completeness that the second requirement—causation—is also insufficiently pled. "Once a plaintiff has demonstrated the existence of a municipal policy, a plaintiff must then establish a causal connection, or an affirmative link, between the policy and the deprivation of [her] constitutional rights." *Deferio*, 770 F. App'x at 590. Here, plaintiff makes no allegation connecting any action by CPS or DSS to the actual or potential removal of her children from her custody. In fact, as noted above, plaintiff does not expressly allege that her children were removed from her custody, other than to allege that, at some point, her children were injured "in care." AC at 9. Far from establishing a causal link between actions by CPS or DSS and any injuries to plaintiff or her children, the amended complaint is insufficient to state a *Monell* claim against the County.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion and dismisses plaintiff's claims against defendant Department of Social Services without prejudice. Plaintiff may amend her complaint as against Nassau County within thirty (30) days of this Order.

**SO ORDERED.**

 /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:   August 22, 2024
         Brooklyn, New York