UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOANN BOOKER,

                *Plaintiff*,

– against –

DEPT OF SOCIAL SERVICES; LONGBEACH POLICE DEPT,

                *Defendants*.

**MEMORANDUM & ORDER**
23-cv-04888 (NCM) (ARL)

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Joann Booker filed this action against various defendants alleging violations of, among other things, her constitutional rights. The Court granted plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF Order dated July 11, 2023. Before the Court is plaintiff's proposed amended complaint, which seeks to add new defendants. ECF No. 46 (the "Proposed Amended Complaint" or "PAC"). The Court construes the PAC, together with plaintiff's letter requesting to "reopen[ her] case," ECF No. 48, as a motion for leave to amend her complaint. For the reasons stated below, plaintiff's request for leave to amend is **DENIED**.

BACKGROUND

    Plaintiff's initial complaint listed six defendants, including the Longbeach Police Department and Department of Social Services ("DSS"). Compl., ECF No. 1. After twice granting leave to file amended complaints, the Court dismissed the claims against defendants Jasmine Delerosa, Omega Construction Management LLC, and Jasons Laundry mat [sic] because they did "not raise issues of federal law" and were "not so related to plaintiff's claims against the Long Beach Police Department or [DSS] so as to

1

form part of the same case or controversy." ECF Order dated Sept. 26, 2023; ECF Order dated Nov. 22, 2023 (citing 28 U.S.C. § 1367(a)). The Court also dismissed the claims against the Nassau County Family Court because it is an entity "protected from suit by Eleventh Amendment sovereign immunity." ECF Order dated Sept. 26, 2023; ECF Order dated Nov. 22, 2023. Thereafter, the Court issued an order construing plaintiff's claims against the remaining defendants DSS and the Longbeach Police Department as arising under 42 U.S.C. § 1983, and therefore finding federal subject matter jurisdiction over those claims. *See* ECF Order dated Sept. 26, 2023; 28 U.S.C. § 1331.

Plaintiff's allegations against defendant Longbeach Police Department include that its officers "intentionally [] put force" on plaintiff by "kneeling on" her while she was "yelling 'I cannot breathe.'" First Am. Compl. ("FAC") 8, ECF No. 6. Plaintiff further alleges that the Longbeach Police Department "lied" and was "not aware of [plaintiff's] heart problems" when officers placed her in a "psych ward." FAC 8. Defendant Longbeach Police Department answered plaintiff's complaint on February 9, 2024. Answer, ECF No. 24.

Plaintiff's allegations against DSS include that the Nassau County Child Protective Services pursued an "unfounded" case relating to plaintiff and her children. FAC 8–9. By Memorandum & Order dated August 22, 2024, ECF No. 44 (the "M&O"), the Court construed plaintiff's claim against DSS as a claim against Nassau County and granted Nassau County's motion to dismiss for failure to state a claim, ECF No. 31. The Court granted plaintiff leave to amend her complaint *as against defendant Nassau County* within thirty (30) days. M&O 11.

Plaintiff filed the PAC on October 23, 2024. The PAC is silent as to defendant Department of Social Services, or Nassau County. Instead, the PAC attempts to add four

2

defendants to this action: Hempstead Police Department, Lynbrook Police Department, Nassau County Police Department, and Peter Krakowski. Plaintiff alleges in the PAC that "Long Beach Police Dept [a]nd other police depts are negligent to fraud identity theft and arsenic" and have "lied" to plaintiff about the destruction of property. PAC 8. She requests an end to "the [b]rutality and harassment" and seeks compensation for her "grief and los[s] of identity" in an amount of $750,000. PAC 5. Plaintiff also alleges that defendant Krakowski "set up people to steal and harass my family and myself over a car." PAC 8.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may "amend its pleading once as a matter of course" within 21 days after service of the complaint, a responsive pleading, or a motion to dismiss. Fed. R. Civ. P. 15(a)(1). When a plaintiff may no longer amend as of right, she may amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When considering a request for amendment, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "[t]he liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly[.]" *Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75, 76 (2d Cir. 2018) (summary order).[1]

Instead, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* Where the court "[o]utright

---

[1] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

refus[es] to grant the leave without any justifying reason for the denial," it abuses its discretion. *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

Litigants proceeding *pro se* should be liberally granted leave to replead. *See Grullon v. City of New Haven*, 720 F.3d 133, 139–40 (2d Cir. 2013). The Court should allow a *pro se* plaintiff leave to amend its pleading "at least once" so long as "a liberal reading of the complaint gives an[] indication that a valid claim might be stated" if "reframe[d]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). This "is not," however, "the equivalent of a duty to re-write" a *pro se* litigant's complaint. *Geldzahler v. New York Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Where a plaintiff is proceeding *pro se*, "we construe [her] submissions liberally, as raising the strongest arguments they suggest." *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024).

## DISCUSSION

### I. <u>Defendant Krakowski</u>

Federal courts are limited in the subject matter of cases they can hear. There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant resides in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it

lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Plaintiff's allegations that defendant Krakowski "set up people to steal and harass [her] family and [herself] over a car" implicate state law, rather than federal law. *See* PAC 8. The complaint therefore fails to state a federal question over which the Court has subject matter jurisdiction. Plaintiff also does not sufficiently allege diversity jurisdiction because she lists an address indicating that defendant Krakowski is a fellow citizen of New York. *See* PAC 3. The Court therefore does not have subject matter jurisdiction over this proposed claim and finds that amendment would be futile with respect to defendant Krakowski. Accordingly, plaintiff may not amend her complaint insofar as she requests to add a claim against defendant Krakowski.

II.     Defendants Police Departments

Section 1983 provides an avenue through which plaintiffs may seek relief for alleged violations of their constitutional rights by state and municipal governments. *See* 42 U.S.C. § 1983 ("Section 1983"); *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 158 (2d Cir. 2005) (Section 1983 "authorizes actions to enforce the rights of individuals under federal statutes as well as under the Constitution."). The Court construes plaintiff's allegations against the Hempstead Police Department, Lynbrook Police Department, and Nassau County Police Department (together, the "Police Departments") as implicating a potential claim arising under Section 1983.

Specifically, plaintiff seeks to amend her complaint to add allegations that she was "scarred and brutalized by police" departments, which have been "negligent" and have "watched" another person "incriminate" plaintiff "on false charges." PAC 8. She contends

5

that "Long Beach police department [a]nd other police departments are negligent to fraud identity theft and arsenic." PAC 8. Even construing these allegations liberally, plaintiff's proposed amended complaint does not include enough factual information to provide defendants with a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). For example, plaintiff's proposed amended complaint fails to provide facts as to where these alleged harms occurred, when they occurred, or who was present at the time. The proposed amendment also fails to indicate any connection between the alleged negligence of the Police Departments and the allegations against the Longbeach Police Department regarding officers "kneeling on" plaintiff, lying, and placing her in a "psych ward." *See* FAC 8.

Nor do plaintiff's conclusory allegations provide a basis for the Court to "draw the reasonable inference" that the Police Departments are legally liable. *See Matson*, 631 F.3d at 63. Plaintiff does not indicate the nature of the alleged harms, for example, by alleging a violation of a statutory or constitutional provision or a specific legal right. Furthermore, by making general allegations of harm against several police departments without differentiation, plaintiff fails to provide facts supporting wrongdoing of any specific police department. It is unclear whether plaintiff is alleging *all* four police departments watched someone falsely incriminate her, or if individuals from *each* police department brutalized her. The lack of specificity does not allow the Court to find that these new allegations state a claim for relief as to each new police department. Even on its own liberal reading of the proposed complaint, the Court finds that the allegations are insufficient to state a claim for relief.

6

The Court also notes that this is plaintiff's fourth attempt to amend her complaint and is made absent any significant additional factual information. Specifically, plaintiff has failed to address the deficiencies in her complaints that the Court noted in its previous orders. While leave to amend should be freely granted where justice so requires, plaintiff may not "endlessly" ask this Court to allow her to replead. *See Morency*, 728 F. App'x at 76. Accordingly, plaintiff may not amend her complaint insofar as she requests to add claims against the Police Departments.

## CONCLUSION

For the reasons stated above, the Court **DENIES** plaintiff's request to amend her complaint insofar as she may not add claims against Peter Krakowski, the Hempstead Police Department, the Lynbrook Police Department, or the Nassau County Police Department. Defendants Nassau County Police Department and DSS's pre-motion conference request regarding an anticipated motion to dismiss is therefore **DENIED** as moot.

The Court finds that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

                                          /s/ *Natasha C. Merle*
                                          NATASHA C. MERLE
                                          United States District Judge

Dated:       December 10, 2024
              Brooklyn, New York