UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOANN BOOKER,

                                 Plaintiff,

                 -against-


DEPARTMENT OF SOCIAL SERVICES,

                               Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-4888 (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court is the motion of the defendant, Long Beach Police Department ("Long Beach"), seeking to dismiss the plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, the motion is granted without prejudice.

## BACKGROUND

The *pro se* plaintiff, Joann Booker ("Booker"), commenced this action against the Department of Social Services, Jasmine Delerosa, Long Beach, the Family Court in Westbury, Omega Construction Management LLC and Jason's Laundry mat [sic], on June 29, 2023, alleging defamation of character and First and Fourth Amendment violations. ECF No. 1. On July 11, 2023, District Judge Kovner *sua sponte* dismissed the complaint finding that Booker had failed to plead sufficient factual content to allow the Court to draw a reasonable inference that the defendants were liable for the alleged misconduct. Electronic Order dated July 11, 2023. Specifically, Judge Kovner noted that to support her claims, Booker had alleged only "false mental allegation/stolen identity emotional distress caused by defendants and false confinement due to order being violated and malpractice given medication with heart problem." *Id*. District Judge Kovner held that "[w]ithout additional factual allegations, the Court [could

not] conclude that plaintiff ha[d] stated a claim that was "plausible on its face." *Id.* (citations omitted).

On August 4, 2023, Booker filed an amended complaint against the same defendants. ECF No. 6.  In support of her claims, Booker alleged:

1.      Starting off first Defendant Jasmine Delerosa has caused me harm.  I have been assaulted.  She has stolen personal information hacked my phones stolen clothing, jewlery [sic] and electronics plus damaged furniture and electronics.

2.      Longbeach police department was issued a Do not harass order by the Longbeach City Court which stated Jasmine Delerosa is not to interfere with Joann Warden aka Booker now.  Defendant Jasmine Delerosa spit in my face knowingly having herpes.  Interfered with me in the building of 423 East broadway coming from a neighbors Dwelling near by.  I have called the police. Intentionally they put force on me kneeling on me.  I was yelling "I cannot breathe" officers did not care and put me in an ambulance.  In cuffs.  In the ambulance I told the officer the cuffs are too tight and it grazed my hand. Long Beach Police Dept lied and said I did harm to myself when before I had no marks or self inflicted injuries on me.  I was put in NUMC psych ward where they were not aware of heart problems or what I can or can not take. Long beach Police Dept did not want to deal with the matter at hand when order was shown to officers.

3.      Dept of Social Services – CPS and foster care division – CPS was called apparently before Antwan was born.  Allegations were not proven and case was unfounded.  The allegations that were made after Antwan was born was False.  I have a witness to prove CPS and foster care has provided no real evidence that I am an incompetent mother or have any mental problems due to myself proving I can work, take care of myself and mental health keep calm when not aggrivated [sic] as well as prove my children are not being cared for properly as well as have been injured in care.

4.      Family Court – Had a case.  Reopened based off allegations that have not been proven.  No statitary [sic] evidence can be found.  I am suing for emotional mental abuse.

5.      Omega Construction Management LLC – The Part owners of Omega were fixing my apartment at the time and watched Jasmine Delerosa popped out of my closet and went back after she seen me sitting on my bed.  These

2

landlords/Part owners knew she was in and out of my apartment.  I asked them to change the locks.  All the[y] did was drill a nail in the door and said all fixed.  I have a receipt that states I paid $130.00 for a new lock to have my apartment tossed up and missing property (Receipt will be added).  I am suing for stolen property by tenant when landlord Vim was notified and told me to call the police.  The fact I complained about harassment and stolen property. I would like to be reimbursed for damages to property and stolen goods.

6.     Jasons Laundrymat [sic] – My clothing was being washed their and the manager and employees were notified that clothing was missing.  The owner and I spoke and she took a picture off of my phone of the Defendant to keep for record on servaillence [sic].  Will be submitted as soon as subpoenas are submitted.

*Id.*  In her amended complaint, Booker also added that she was seeking $4 million for the stolen property and attached a variety of medical records to the pleading.  *Id.*

On September 26, 2023, District Judge Kovner entered a second order dismissing the claims against Jasmine Delerosa, Omega Construction Management, Jason's Landrymat and the Nassau County Family Court but granted Booker a second opportunity to amend her complaint to remedy the deficiencies identified in the order.  Electronic Order dated September 23, 2023.  District Judge Kovner did not dismiss the claims against Long Beach and the Department of Social Services construing those claims as arising under 42 U.S.C. § 1983.  *Id.*

On October 13, 2023, Booker filed a letter that the Court construed as a second amended complaint supplanting her first amended complaint.  ECF No. 14; Electronic Order dated 11/22/23.  In response to her letter, the Court held:

Plaintiff's second amended complaint fails to remedy the deficiencies identified in the Court's 9/26/2023 order.  The Court dismissed plaintiff's claims against Jasmine Delerosa, Omega Construction Management, and Jason's Laundrymat because they did not raise issues of federal law and were not so related to plaintiff's claims against the Long Beach Police Department or the Department of Social Services so as to "form part of the same case or controversy."  28 U.S.C. § 1367(a).  Plaintiff's second amended complaint argues that her allegations regarding Jasmine Delerosa are "plausible [on

3

their] face," Dkt. #14, at 3, but she does not address the fact that the claims do not raise issues of federal law. As for plaintiff's claims against the Nassau County Family Court, plaintiff argues that "judicial decision[s] can be challenged by anyone who might be negatively affected by them" and "only judges have immunity in certain circumstances in state law." *Id*. at 1. But as the Court explained in its 9/26/2023 order, "[t]he Nassau County Family Court, as a constituent court of the New York State Unified Court System, is an 'arm of the State' and protected from suit by Eleventh Amendment sovereign immunity." *Blanchard v. Doe*, No. 17-CV-6893 (PKC) (JO), 2019 WL 2211079, at *4 (E.D.N.Y. May 22, 2019).

Therefore, plaintiff's claims against Jasmine Delerosa, Omega Construction Management, Jason's Laundrymat, and the Nassau County Family Court are dismissed for lack of jurisdiction.

*Id.*

On December 22, 2023, the Court received a letter from Booker requesting that District Judge Kovner excuse herself from the case because it was not being "handled correctly." ECF No. 17. District Judge Kovner denied the request noting:

judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion. *Liteky v. United States*, 510 U.S. 540, 541 (1994). Judges are generally called upon to decide disputes in which the parties have different views about the facts or the law. As a consequence, their decisions often displease one party (or more). The judicial system would struggle to function if a party's disagreement with a judge's rulings required the judge to remove herself from the case.

Electronic Order dated December 27, 2023. Nonetheless, on February 1, 2024, pursuant to the Rules for the Division of Business, the case was reassigned to District Judge Merle.

On April 23, 2024, the Department of Social Services (hereinafter "DSS") filed its motion to dismiss. ECF No. 31. Booker failed to respond to DSS's motion. Instead, she attempted to serve non-parties Long Beach Housing Authority ("LBHA") and the Nassau

4

County Matrimonial Court with subpoenas.[1]  Booker was then given additional time to oppose DSS's motion but failed to do so.  *See* Orders dated June 21, 2024 and July 31, 2024.  Accordingly, DSS's motion to dismiss was deemed fully briefed and, on August 22, 2024, it was granted.  Booker was, once again, granted leave to amend her complaint but only with respect to her claims against DSS.[2]

Despite the Court's direction, on October 23, 2024, Booker filed another amended complaint that was silent as to DSS.  ECF No. 46.  Rather, Booker sought to assert new claims against Long Beach, Hempstead Police Department, Lynbrook Police Department, Nassau County Police Department and Peter Krakowski.  ECF No. 46.  This time, Booker alleged:

- DURING THE TIME OF IDENTITY THEFT 09/21/2021 THE LONG BEACH POLICE DEPT WAS NOTIFIED ON MULTIPLE OCCASSIONS.

- DURING THE IDENTITY THEFT A NEGLIGENT CASE WAS FORMED DUE TO A DIVERSION FOR THE PERSON NOT TO BE ARRESTED FOR IDENTITY THEFT.

- FEBRUARY 25, 2022 MOVED TO SHELTER BUT LAND LORD DID NOT COMPLY WITH SOCIAL SERVICES.

- I WAS MOVED OUT BASED ON COIERCING [SIC] OF AGGRAVATED HARASSMENT AND IDENTITY THEFT.

- DURING THE STAY IN HEMPSTEAD I REPORTED WORKING AND LIVING TO LONG BEACH DETECTIVE.

- AFTER THE STAY IN SHELTER PAPERS AND CLOTHING STARTED DISAPPEARING AND VIDEOS WERE ON SOCIAL MEDIA OF

---

[1] The nonparties both moved to quash the subpoenas.  By order dated June 12, 2024, the undersigned granted the three motions to quash for failure to comply with Fed. R. Civ. P. 45(b)(1).  ECF No. 39.

[2] It warrants mention that Booker's amended complaint provided no dates associated with her allegations against DSS or any indication as to how long ago the alleged conduct occurred.  As such, the Court held that it could not determine whether plaintiff's claims were timely.  ECF No. 44.  In addition, the Court noted that Booker had not alleged sufficient facts to support a *Monell* claim or to establish that her constitutional rights or her children's substantive due process rights had been violated.  *Id*

5

EVERYTHING BEFORE THE CRIMINAL STILL AT LARGE DELETED MY EVIDENCE CONSISTENTLY.

- THE TWO YRS IN HEMPSTEAD I HAVE BEEN FRAMED MY PROPERTY WAS STOLEN BY THE CRIMAL [SIC] WHO COIERCED [SIC] THESE POLICE DEPTS THAT I HAVE STOLEN THEIR PROPERTY AND IDENTITY.

- I HAVE A VALID SOURCE OF EVIDENCE OF MAIL FRAUD AND BLACK MAIL OF COIERCING [SIC]. TO HAVE ME CHARGED AND TICKETED OVER A CAR THAT THE CRIMINAL HAS DESTROYED AS WELL.

- THE OWENER OF THE CAR KNEW HE HAD BED BUGS AND NEVER REPORTED IT. MY DAD HAS PAID FOR MANY THINGS AND HE DID NOT WANT TO PAY.  WHAT PETER KRAKOWSKI DID WAS SET PEOPLE TO STEAL AND HARASS MY FAMILY AND MYSELF OVER A CAR WHICH THE PERSON HAS PUT ME IN SEVERE HARM OVER A CAR. TEXTS INCLUDED WITH DAMAGES THE PERSON PETER KRAKOWSKI KNEW WHO DID IT.

- EVERY POLICE DEPT WAS CONTACTED BY ONE OF THE FAMILY OR ASSOCIATES THAT HAVE STOLEN MY IDENTITY AND HAVE BLACKMAILED AND COIERCED [SIC] LAW ENFORCEMENT TO STOP ME FOR ANY REASON AFTER I WAS SCARRED AND BRUTALIZED BY POLICE AND STILL IS.

- LONG BEACH POLICE DEPT [AND] OTHER POLICE DEPTS ARE NEGLIGENT TO WATCHING A FEDERAL CONVICT INFRONT THEIR PRECINT [SIC] BREAK IN TO A CAR STEAL PAPERS AND DAMAGE A CAR ON CAMERA AND TURN NEGLIGENT TO THE VICTIM.  ALL POLICE DEPTS WATCHED THE PERSON INCRIMINATE ME ON FALSE CHARGES IS WHY IS WHY THIS LAWSUIT IS IN AFFECT.

  I HAVE BEEN LIED ON TO POLICE ABOUT THE CAR AND WHO DESTROYED HIS PROPERTY.

ECF No. 46.  A few days later, Booker also filed a letter requesting to reopen her case.

District Judge Merle interpreted the amended complaint filed by Booker, which sought to add new defendants and claims, along with her letter requesting to "reopen the case," as a motion for leave to amend her complaint.  District Judge Merle then denied the request to amend

6

indicating that, for several reasons, Booker could not add claims against Peter Krakowski, the Hempstead Police Department, the Lynbrook Police Department, or the Nassau County Police Department.  ECF No. 50.

As such, following the issuance of District Judge Merle's second Memorandum & Decision, the only claims left in the case were the claims asserted by Booker against Long Beach in her August 4, 2023 amended complaint.  *See* ECF No. 6.  On January 2, 2025, the parties filed a Rule 26(f) planning report that indicated their consent to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF No. 53.  On May 8, 2025, Long Beach Police filed the instant motion to dismiss, which included Booker's opposition.[3]

## DISCUSSION

### A.       Standard of Review - Rule 12(c)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively v. WAFRA Inv. Advisory Grp., Inc.* 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

The Supreme Court clarified the appropriate pleading standard to be utilized in analyzing

---

[3] On February 9, 2026, Booker filed a motion seeking to have this case reassigned to Chief Judge Brodie because she did not like an opinion entered by the undersigned in an unrelated case.  ECF No. 68.  That motion was also denied.

a motion to dismiss under Rule 12(b)(6) in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  First, district courts are to "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Nonetheless, Booker is proceeding *pro se* and, therefore, her submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993).  To this end, the Court should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  Nevertheless, a plaintiff's *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).  With these guidelines in mind, the Court turns to Booker's claims.

### B.      Motion to Dismiss

In the operative pleading, Booker alleges that Long Beach's officers "intentionally [] put force" on her by "kneeling on" her while she was "yelling 'I cannot breathe.'" ECF No. 6. Booker also alleges that Long Beach "lied" about her wanting to self-harm and was "not aware of her heart problems" when officers placed her in a "psych ward." *Id*.  Last, the amended complaint contains a reference to Long Beach being issued a "do not harass order," which Booker claims stated that Jasmine Delerosa was not to contact her but ended up spitting in her face despite the order being issued. *Id.*  Long Beach argues that these claims should be dismissed because (1) it is difficult to understand what Booker is pleading; (2) the claims concerning CPS appear unrelated to her claims against the police department; (3) there are no allegations of her rights being violated or other facts to support negligence on the police department's part; and (4) there is no indication that she was damaged.  Pambianchi Mem. of Law ¶ 8.  Long Beach further contends that even the most liberal interpretation of Booker's allegations do not state a plausible claim for a First or Fourth Amendment violation.  Finally, Long Beach asserts that to the extent the claims could be interpreted as alleging tortious conduct, the claims must be dismissed for failure to file a notice of claim under General Municipal Law § 50-e.

The Court begins its analysis with Booker's Fourth and First Amendment claims.  As noted above, this Court has already construed the claims against Long Beach as arising under 42 U.S.C. § 1983.  In addition, the Court previously indicated that defendants like the Long Beach Police Department lack their own legal identity and cannot be sued separately from the municipality.  *See Davis v. Lynbrook Police Dep't,* 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("It is well-established that "under New York law, departments that are merely administrative

arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.").  When a plaintiff brings a Section 1983 claim against a municipality, the plaintiff must allege three elements: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Booker v. Dept of Soc. Servs.*, No. 23-CV-04888 (NCM) (ARL), 2024 WL 3904822, at \*2 (E.D.N.Y. Aug. 22, 2024) (citing *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020). "This kind of claim—alleging that a local government's policy or custom inflicted constitutional harm on a plaintiff—is called a *Monell* claim.  *Id*. (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658).

"In general, plaintiffs can demonstrate a municipal policy or custom through allegations regarding 'decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" *Id*. (citing *20 Dogwood LLC v. Vill. of Roslyn Harbor,* No. 22-cv-o4047, 2023 WL 3571239, at \*7 (E.D.N.Y. May 19, 2023).  To state a plausible *Monell* claim against Long Beach, in this case, Booker would need to allege facts suggesting a widespread practice by Long Beach employees, a failure to train Long Beach employees, or actions taken by Long Beach lawmakers or policymaking officials.  *Id.*  She has not done so.

At best, Booker alleges that, on some unspecified date, Long Beach officers failed to prevent Jasmine Delerosa from spitting in her face despite receipt of a "do not harass notice." ECF No. 6.  She also loosely describes an undated event in which she was allegedly "kneeled on" "put in hand cuffs" and put in the psych ward because police officers did not want to deal with the matter she had called about.  *Id.*  Neither of these allegations are sufficient to support the inference that Long Beach had a policy or practice of engaging in or tolerating police

10

misconduct.  *See Rivera v. City of New York,* 785 F. Supp. 3d 1, 3 (E.D.N.Y. 2024) (complaint insufficient because it did not explain which facts supported the plaintiff's belief that her son's alleged deprivation of rights was part of the *Monell* defendants' existing customs, patterns, or practices.).

Nor does Booker allege sufficient facts to suggest that she was deprived of a constitutional right.  There is no question that "[t]he Fourth Amendment protects individuals from the government's use of excessive force when detaining or arresting individuals." *Silas v. City of New York*, No. 18-CV-07122 (HG) (RML), 2023 WL 5532856, at *8 (E.D.N.Y. Aug. 28, 2023).  In addition, "[i]nvoluntary transport to a hospital may also constitute a seizure for purposes of the Fourth Amendment." *Moore v. City of New York,* No. 22 CIV. 10957 (LGS), 2024 WL 3361193, at *6 (S.D.N.Y. July 10, 2024).  However, Booker's threadbare allegations concerning the events following her call to the police are insufficient to put Long Beach on notice as to the nature of her Fourth Amendment claim.  C.*f. Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr*., 51 F. Supp. 3d 319, 350 (S.D.N.Y. 2014).  Indeed, the amended complaint provides no dates associated with the alleged conduct of Long Beach, no factual information concerning what precipitated the call to police, no details concerning what, if anything, occurred prior to being placed in handcuffs or taken to the NUMC "psych ward," who was present or how many police officers responded to the call, etc.

Moreover, Booker's opposition to the motion includes several new facts that call into question the basis of her claims.  For example, in the opposition, Booker refers to a case entitled "Benny v Long Beach," and states that the case contains a valid description of her situation.  As Long Beach notes in its reply, *Benny v. City of Long Beach*, 2021 WL 4340789 (E.D.N.Y. 2021), which is based on entirely different facts, involved numerous claims including excessive force,

false arrest, malicious prosecution, abuse of process, race discrimination and First Amendment retaliation.  Booker also refers, again, to a "state issued order" and to "validating the situation with [her] neighbor," but she now adds that there was also a "Cease-and-Desist" order issued against Long Beach.  Lastly, while providing no examples, Booker states in her opposition that she is basing her "claim" on the "misconduct" Long Beach has shown the community.  Accordingly, Booker has failed to sufficiently allege that her Fourth Amendment rights have been violated.

Similarly, the complaint contains no allegations concerning the First Amendment.  In her opposition, however, Booker hints that the basis of her First Amendment claim is that she spoke her mind "abruptly and honestly," which Long Beach took it as a threat.  She then complains that she did not need to be put in a psych ward for speaking her mind.  While specific facts are not necessary, a plaintiff's complaint must, nonetheless, give the defendant fair notice of what claim is and the grounds upon which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); *Pedrow v. Barbour*, No. 24-CV-04010 (PMH), 2025 WL 1381500, at *3 (S.D.N.Y. May 12, 2025) (Pro se plaintiffs are not completely relieved of their duty to satisfy pleading standards. Rule 8 of the Federal Rules of Civil Procedure still requires a pro se plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief.").  As such, Booker has also failed to sufficiently allege that her First Amendment rights were violated.

Finally, to the extent Booker's allegations can be interpreted as alleging tortious conduct under state law, her claim must also fail.  "New York General Municipal Law §§ 50-e . . . require[s] a plaintiff asserting a claim against a city that is based on the negligence or wrongful

act of that city or its officers, agents, or employees to file a notice of claim within 90 days of the incident that gives rise to the claim." *Palmer v. City of New York*, 564 F. Supp. 3d 221, 241 (E.D.N.Y. 2021) (citing *Razzano v. Cty. of Nassau*, 599 F. Supp. 2d 345, 354 (E.D.N.Y. 2009). Booker has not specified when the incident occurred but it is clear she did not file a notice of claim.  In addition, Section 50-i requires a plaintiff to affirmatively plead in her complaint that she has filed a notice of claim, and that such notice was served at least 30 days prior to commencement of the action.  *Id*.  Booker's amended complaint does not reference such a filing.

## CONCLUSION

Accordingly, the Court grants Long Beach's motion to dismiss without prejudice. Booker may amend her complaint as against Long Beach within thirty days of this Order but only if she is able to address the deficiencies outlined in this decision.

Dated:  Central Islip, New York                                      SO ORDERED:
            February 25, 2026

                                                                              _____/s/_____

                                                                              ARLENE R. LINDSAY
                                                                              United States Magistrate Judge